# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BLANCA CERCIELLO,**

   Claimant,

v.                Case No: 6:18-cv-1605-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

   Defendant.

## MEMORANDUM OF DECISION

Blanca Cerciello (Claimant) appeals the Commissioner of Social Security's final decision denying her application for a period of disability and Disability Insurance Benefits. Doc. 1. Claimant argues that the decision of the Administrative Law Judge (ALJ) is not based on substantial evidence and applies an erroneous standard of law. *Id*. Claimant requests that the final decision be set aside or, in the alternative, remanded for a fair hearing. *Id*. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED**.

### I. Procedural History

This case stems from Claimant's application for a period of disability and disability insurance benefits. Docs. 1 at 1; 19 at 1. Claimant alleged a disability onset date of April 25, 2014. Doc. 19 at 21. The claims were denied initially and upon reconsideration. *Id*. at 1. A hearing was conducted and on January 17, 2017, and the ALJ issued an unfavorable decision. *Id*. On April 11, 2018, the Appeals Council denied the request for review. *Id*.

## II. The ALJ's Decision

In the decision, the ALJ found that Claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine (20 CFR 404.1520(c)). R. 19. The ALJ further found that Claimant does not have an impairment or combination of impairments that meets or medically equals any listed impairment. R. 20.

The ALJ found that Claimant had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except:

> [She] is limited to frequent kneeling, crouching and climbing ramps and stairs; occasional balancing, stooping and crawling and must not climb ladders, ropes or scaffolds. She is limited to occasional exposure to cold temperatures, concentrated humidity and vibration. The claimant must not work in high, exposed places.

R. 20.

The ALJ concluded that Claimant is capable of performing past relevant work as a production line solderer. R. 24. Ultimately, the ALJ found that "claimant has not been under a disability, as defined in the Social Security Act, from April 25, 2014, through the date of this decision (20 CFR 404.1520(f))." R. 25.

## III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotations omitted). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision,

when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

IV. **Discussion**

Claimant raises one issue in the Joint Memorandum for the Court's consideration. Claimant contends that the ALJ improperly weighed the medical opinions of record when assessing the RFC. Doc. 19 at 21. The ALJ must afford the opinion of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-1241 (11th Cir. 2004). The ALJ must also clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

Here, Claimant argues that the RFC conflicts with the opinions of Richard Hynes, her treating orthopedic surgeon. *Id*. at 22.[1] While Claimant provides a timeline of Dr. Hynes' findings, compares them to the RFC, and includes various assertions regarding the ALJ's error, the undersigned focuses on one of her arguments in rendering this decision. Specifically, Claimant contends that on August 30, 2014, Dr. Hynes opined that she could only sit, stand, and walk "to

---

[1] Claimant also complains about the ALJ's decision with regard to Dr. John Sassano, who is a pain specialist. Doc. 19 at 22. Even though Claimant cites to Dr. Sassano's opinion for the proposition that he recommended that she continue to utilize the one-point cane and wear her LSO brace and argues that the ALJ failed to include the use of the assistive device for ambulation in the RFC (Doc. 19 at 24, citing R. 764), this opinion simply notes that she "continues to utilize a one-point cane for ambulation and wear her LSO brace." The Court does not necessarily view this notation as a "recommendation." In any event, the Claimant prevails on her other argument regarding Dr. Hynes' opinion.

the level of tolerance." Doc. 19 at 23, citing R. 960. The record also shows that the physician restricted Claimant to lifting up to 20 pounds intermittently. *Id.* Later, on March 11, 2016, Dr. Hynes opined that Claimant was restricted to sitting, standing, and walking intermittently lifting only up to 10 pounds intermittently. Doc. 19 at 24, citing R. 1002. On August 29, 2016, it was still Dr. Hynes opinion that she could only sit, stand, and walk intermittently with the intermittent restriction on lifting up to 10 pounds. Doc. 19 at 25, citing R. 1009.

Claimant argues that the RFC conflicts with these restrictions from her treating physician. She is right. "Light work" is defined as:

> Lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

First, Claimant's restriction of lifting only up to 10 pounds intermittently clearly conflicts with the ***frequent*** lifting of up to 10 pounds and the 20 pound maximum that "light work" permits and the RFC anticipates. Second, Dr. Hynes' opinion that Claimant should be restricted to sitting, standing, and walking on an intermittent level is not consistent with the RFC's "light work" finding. Claimant contends, and the Court agrees, that "light work" requires an ability to stand/and or walk for at least 6 hours out of an 8-hour day. Doc. 19 at 23, citing SSR 83-10.

Claimant is referencing the social security regulations' definition of "frequent," which is "[o]ccurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of ***light work*** requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time…" SSR 83-10, 1983 WL 31251, *6 (emphasis added).

Accordingly, it seems Dr. Hynes' "intermittent" finding would be more restrictive than the 6 to 8 hours period a day. Indeed, Dr. Hynes further indicated that the duration of these activities should be restricted to "up to 2.5 hours." R. 1002, 1009. Based on the foregoing, the "light work" exertional level in the RFC allows for more activity than Dr. Hynes opined was acceptable for Claimant to perform.

While the ALJ provides a lengthy discussion of Dr. Hynes' findings and states that he gives the physician's examinations, treatment, and opinions "substantial weight" (R. 24), he does not reference the "intermittent" restrictions or cite to these records. So, it is either that the ALJ did not consider the limitations when constructing the RFC or the ALJ considered them, gave them "substantial weight," but failed to account for them in the RFC. Either way the Court finds there is not good cause to do so and the ALJ's RFC determination, and consequently his decision, is not supported by the substantial evidence. *See Kahle v. Comm'r of Soc. Sec.*, 845 F.Supp.2d 1262, 1272 (M.D. Fla. 2012) ("Therefore, reversal is required where an ALJ fails to sufficiently articulate the reasons supporting his decision to reject portions of a medical opinion while accepting others.").

The Court notes that the ALJ stated that in reaching the RFC he recognized the state agency medical consultant who evaluated the record and concluded that Claimant was capable of performing work at the light exertional level. R. 23. The ALJ provided that although the opinion was provided by a non-examining physician and it was given "great weight" as it was consistent with the other evidence in the record. R. 23. Again, since the RFC does not include the restrictions from Claimant's treating physician, Dr. Hynes, and there is no discussion regarding these records, the Court finds that reversal is necessary. *See Winschel*, 631 F.3d at 1179 ("It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds

for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence.").

**V. Conclusion**

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED**;

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 6, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
The Court Requests that the Clerk
Mail or Deliver Copies of this order to:
The Honorable M. Dwight Evans
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
Suite 1000, 10th Floor
500 East Broward Blvd
Ft. Lauderdale, FL 33394-3026